DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
larry.card@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | No. 3:06-cr -00034-RRB |
| ) | |
| Plaintiff,   ) | |
| ) | **GOVERNMENT'S** |
| vs.   ) | **SENTENCING** |
| ) | **MEMORANDUM** |
| XAVIER LANELL COOK BENSON,   ) | |
| ) | |
| ) | |
| Defendant.   ) | |

COMES NOW the United States of America, by and through counsel, and submits its memorandum for the Imposition of Sentence Hearing scheduled for May 30, 2006.

## I.   INTRODUCTION

The United States had no objections to the Pre-Sentence Investigation Report (PSR).

The United States agrees with the factual statements and the conclusions set forth in the PSR. The parties entered into a plea agreement wherein the government agreed not to charge the defendant with a drug offense and a gun offense under Title 18 section 924(c) in exchange for his agreeing to a sentence of 34 months in the "new" case followed by a consecutive 14 months in the "old" case for a total time of incarceration of 48 months. Defendant also waived his appeal rights in exchange for the government's not charging him.

## II.   SENTENCING ISSUES

### A.   The Agreed to Sentences Should be Imposed

The government urges that the Court impose the agreed to sentences, taking the guidelines as a factor to be considered by the court as a factor in the sentencing. In *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines

"effectively advisory." *Booker*, 2005 WL 50108, at 16. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence would be subject to review by the Court of Appeals for "reasonableness," except in the instant case, the defendant has agreed to waive his right to appeal his sentence for reasonableness. See *Booker*, Id. at 24.

In the wake of *Booker*, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed. Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 27.

The position of the United States is that since the parties have an agreement under the provisions of Criminal Rule 11(c)(1)(C) which outlines an agreed to sentence, the court should impose the sentence after a consideration of all factors. As the justices in *Booker* recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. See, e.g., id. at 21 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased

uniformity."); id. at 19 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction."); id. at 42 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 47 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

In the instant case, Mr. Benson not only committed the exact same crime that had previously brought him before the court, but was still on supervised release while possessing guns and drugs.  Mr. Benson is still young, and hopefully he will stay within the law this time when he is released.  He really does not have any other alternatives.  It is now or never that he chooses to either live a life of crime, and continue to be jailed longer each tine, or he gets "it" and becomes a productive member of society.  He deserves more time incarcerated this time, but the government did not believe that his future should be "thrown away." All concerned sincerely hope that he is successful this time. Therefore, the Court should imposed the agreed to sentence and disposition for a total of 44 months after taking all of the sentencing factors into consideration.

## II. SENTENCING RECOMMENDATION

The government recommends that the defendant be sentenced as follows in accordance to the agreement of the parties:  :

(1)   **34 plus 14 (total of 44) months in custody for both cases, as agreed**

**by the parties**; Criminal Rule 11(c)(1)(C)

(2) **No fine is requested** due to the defendant's inability to pay;

(3) **Restitution is not an issue**;

(4) **A three (3) year period of supervised release, with forfeiture of any interest in the $1260.00 seized, plus both firearms and ammo,** and

(5) **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 17th day of May, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Lawrence D. Card
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**
I hereby certify that on May 17, 2006,
a copy of the foregoing was served
on:

T. Burke Wonnell, Esq.

by electronic case filing notice.

s/ Lawrence D. Card